UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARTHUR GONZALES SANDOVAL, JR., TDCJ No. 00582248, | § § § | |
| Petitioner, | § § | |
| v. | § § | SA-18-CA-0986-DAE |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Arthur Gonzales Sandoval, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 3), Petitioner's Memorandum in Support (ECF No. 4), Respondent's Answer (ECF No. 15), and Petitioner's Reply (ECF No. 18). Petitioner challenges the constitutionality of certain conditions placed upon his release to parole and the subsequent revocation of his parole for violating those conditions. In her Answer, Respondent Davis contends Petitioner's federal habeas petition should be dismissed with prejudice as time-barred.

For the reasons set forth below, Petitioner's federal habeas corpus petition is indeed untimely and is dismissed with prejudice as barred by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Petitioner is also denied a certificate of appealability.

### Background

In March 1991, Petitioner was convicted of aggravated sexual assault and was sentenced to sixty-five years of imprisonment. *State v. Sandoval*, No. 89-CR-4742 (166th Dist. Ct., Bexar Cnty., Tex. Mar. 20, 1991). Petitioner was incarcerated for this offense until May 11, 2016,

when he was released from TDCJ custody to parole supervision. (ECF No. 16-4 at 86-88). Upon his release, Petitioner was notified of the general conditions of his parole as well as certain special conditions placed on his release as a result of his sex-offender status. (*Id.* at 80-92). On January 13, 2017, Petitioner received notice of alleged violations of these special conditions, including improper use of internet access, viewing sexually-explicit images, and failure to participate in a sex offender treatment program. (*Id.* at 81, 101). He was later returned to TDCJ custody when the Board of Pardons and Paroles (BPP) voted to revoke his parole on January 25, 2017. (*Id.* at 81-82, 104-06). Petitioner filed a motion to reopen his parole hearing with the BPP on February 7, 2017, but the motion was denied on March 13, 2017. (*Id.* at 82). A second motion to reopen was filed on August 8, 2017, but was again denied by the BPP on November 17, 2017. (*Id.*).

On January 30, 2018, Petitioner filed a state habeas corpus application challenging the parole conditions and subsequent revocation, which the Texas Court of Criminal Appeals later denied without written order on June 6, 2018. *Ex parte Sandoval*, No. 88,465-01 (Tex. Crim. App.) (ECF No. 16-1, 16-4 at 20). Petitioner then placed the instant federal habeas petition in the prison mail system on September 18, 2018. (ECF No. 3 at 10). In the § 2254 petition, Petitioner challenges the constitutionality of several of the special conditions that were placed on his release to parole as well as the decision by the BPP to ultimately revoke his parole.

## Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, although Petitioner raises several claims concerning the conditions of his parole—conditions he was made aware of following his release to parole supervision in May 2016—Petitioner is essentially challenging the subsequent revocation of his parole due to violations of these conditions. Thus, the proper inquiry is to determine when Petitioner could have discovered, through the exercise of due diligence, that his parole was revoked. The record indicates that Petitioner received notice of parole violations on January 13, 2017, his parole was later revoked by the BPP on January 25, 2017, and that he received and signed a notice of the hearing results on January 26, 2017. (ECF No. 16-4 at 80-106). As such, the latest Petitioner could have discovered the factual predicate for his claims would be January 26, 2017, the date he acknowledged receipt of his revocation proceeding results. The limitations period under § 2244(d) for filing a federal habeas petition therefore expired a year later on January 26, 2018. Because Petitioner did not file his § 2254 petition until September 18, 2018—almost nine months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

A. **Statutory Tolling**

Petitioner does not contend that he satisfies any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). Indeed, the record does not indicate a state-created impediment that violated the Constitution or federal law prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). Nor has there been a showing of a newly recognized constitutional right upon which the petition is based, or any indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D). Instead, Petitioner argues in his reply that he is entitled to statutory tolling under 28 U.S.C.

§ 2244(d)(2). Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner contends that both of his motions to reopen the parole hearing filed with the BPP constitute "other collateral review" under § 2244(d)(2) and that the limitations period should be tolled for 306 days—from the time he filed his first motion to reopen to the time he received notice of the denial of his second motion. But Texas law does not require a petitioner to file a motion to reopen before he can file a state habeas application challenging parole revocation. *See* Tex. Gov't Code § 508.281(b) (not requiring that an inmate file a motion to reopen hearing or engage in any other administrative procedure before filing a state habeas application challenging parole revocation); *Bd. of Pardons and Paroles ex rel Keene v. Eighth Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (explaining that parole revocation disputes must be brought through an application for writ of habeas corpus). Because nothing in Texas law requires a prisoner to file a motion to reopen a revocation hearing prior to filing a state habeas application, such a discretionary motion does not toll the limitations period of § 2254(d). *See Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (holding the limitations period is not tolled while a petitioner pursues a state remedy that is unnecessary for filing a state habeas application challenging a parole denial).

Petitioner also contends the limitations period should be tolled during the pendency of his state habeas corpus application. As discussed previously, however, Petitioner's state habeas application was filed January 30, 2018, four days after the limitations period expired for challenging his parole revocation. Because Petitioner filed his state habeas petition after the time

4

for filing a federal petition under § 2244(d)(1) has lapsed, it does not toll the one-year limitations period either. See 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

B. **Equitable Tolling**

The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case. Although Petitioner claims he was prevented from timely filing due to lengthy delays in receiving notice that his motions to reopen his parole proceedings were denied, as discussed previously, such motions were not necessary before seeking habeas corpus relief. Moreover, petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Regardless, even assuming the alleged delay constituted an extraordinary circumstance, Petitioner waited over three months after the denial of his state habeas application before filing his federal habeas petition. The Court therefore finds that Petitioner did not act with due diligence in securing his

5

rights. Consequently, because Petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

## Conclusion

Based on the foregoing reasons, Petitioner's § 2254 petition (ECF No. 3) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Arthur Gonzales Sandoval, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 3) is **DISMISSED WITH PREJUDICE** as time-barred;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that the Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, Petitioner is **DENIED** a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this the 7 day of March, 2019.

DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE